# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| Cathy Smalls, *f/k/a* Cathy Smalls Frazier, ) ) ) Plaintiff, ) ) ) vs. ) ) Andrew M. Saul, ) Commissioner of Social Security, ) ) Defendant. ) ) | Civil Action No. 4:19-2449-RMG **ORDER** |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying her Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act for the period prior to her 50th birthday, the date her age category changed under Social Security regulations to an individual closely approaching advanced age. In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation (R & R) on October 16, 2020, recommending that the Commissioner's decision be affirmed. (Dkt. No. 16). Plaintiff filed objections to the R & R, and the Commissioner filed a reply. (Dkt. Nos. 18, 21).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

## Discussion

Plaintiff has traveled a long journey through the Social Security administrative processes, which included a denial of disability benefits entirely in her first disability decision, a reversal of that decision by the United States District Court and remand to the agency, and an award of disability benefits for a period on and after her 50th birthday. (Dkt. Nos. 6-10, 6-11 at 29-59). This appeal addresses that portion of the second administrative decision denying benefits before

Plaintiff turned 50 years of age.[1]

The ALJ conducted a careful examination of the record in the second administrative appeal, weighing the conflicting and supporting evidence, and concluded that Plaintiff retained the residual functional capacity to perform less than the full scope of sedentary work. (Dkt. No. 6-10 at 14-20). A vocational expert testified that Plaintiff nonetheless retained the residual functional capacity to perform a variety of jobs that existed in significant numbers in the national economy. Based on this testimony, the ALJ found that Plaintiff was not disabled under the Social Security Act prior to her 50th birthday. (*Id*. at 21-22).

Upon reaching her 50th birthday, Plaintiff moved under Social Security regulations into a new age category, as an individual approaching advanced age. (*Id*. at 21). In most circumstances, a claimant 50 years or older with a residential functional capacity limited to sedentary work is deemed disabled. 20 C.F.R. Part 404, Sub. P, App. 2, §§ 201(g), 201.09. Thus, this appeal concerns the time period from the alleged onset of Plaintiff's disability, January 25, 2012 until her 50th birthday.

The Magistrate Judge's R & R thoroughly addressed objections raised by Plaintiff on appeal and recommended the decision of the Commissioner be affirmed. (Dkt. No. 16). Plaintiff has now raised objections to the R & R, which the Court addresses below.

A.    Borderline Age Issue

The Social Security Administration, in an effort to build in some flexibility into the

---

[1] The Administrative Law Judge (ALJ) mistakenly identified Plaintiff's 50th birthday as January 28, 2015. (Dkt. No. 6-10 at 21). Plaintiff was born on January 29, 1965, making January 29, 2015 Plaintiff's 50th birthday. The ALJ's decision makes clear, however, that the award of disability benefits was to correspond with Plaintiff's 50th birthday.

various age categories utilized by agency regulations, adopted 20 C.F.R. § 404.1563(b), which provides that the "age categories" will not be applied "mechanically in borderline situations." Where claimants fall within "a few days to a few months of reaching an older age category," the Commissioner is obligated to consider "all the factors" in the case to determine if an older age category should be used. *Id*.  The agency adopted a two step process for issues arising under the regulation, first determining whether the claimant's age fell into a borderline situation.  If so, the agency would then examine the claimant's specific impairments to determine if moving to the higher age category was appropriate.

A determination of a claimant's age category can be outcome determinative, such as the situation here with Plaintiff limited to a RFC of less than the full scope of sedentary work. At age 49, the claimant with a RFC limited to sedentary work may not be disabled, but at age 50 the claimant is deemed disabled.  Not surprisingly, there has been much litigation over what is a borderline situation, with the agency initially being rather stingy in the application of the regulation. *See Kane v. Heckler*, 776 F.2d 1130, 1134 (3d Cir. 1985) (reversing agency decision denying borderline situation where claimant was 48 days from the next age category). Numerous courts reversed agency decisions on the basis that the claimant was within months of a new age category. While reviewing courts sought to avoid a mechanical approach and any "bright line rule" on what constituted a borderline situation, a general consensus developed that something around six months was the outside limit under the regulatory language of "a few days to a few months."  *See Manning v. Colvin*, 2014 WL 266417 at *4-5 (N.D. Tex. 2014) (collecting cases); *Pettway v. Astrue*, 2010 WL 3842365 at *3 (S.D. Ala. 2010) (collecting cases).  A limited number of outlier cases, particularly early on, held that a period up to one year

could constitute a borderline situation. *See Ford v. Heckler*, 572 F. Supp. 992, 994 (E.D.N.C. 1983); *Hilliard v. Schweiker*, 563 F. Supp. 99 (D. Mont. 1983). The Fourth Circuit has never directly addressed the issue.

Plaintiff objects to the Magistrate Judge's reference in the R & R to Hallex, the internal manual for ALJ's, which sets the outside limit at six months. The R & R, while quoting Hallex, makes clear that it is "not controlling," but may be "a helpful guidance at times." (Dkt. No. 16 at 27). Obviously, an agency's interpretation of its own regulation is entitled to consideration, particularly where there may be some ambiguity in the regulatory language. It is important to note, however, that the Hallex designation of six months as the outside borderline limit is not so much an agency effort to direct the courts as the agency responding to multiple court decisions establishing a limit around six months.

Every claimant is entitled to an individual determination of her claim. Here, Plaintiff has significant impairments, reflected by her RFC. She seeks a determination that age 49 and 2 months should be regarded as a borderline situation.[2] It is difficult to square the regulatory language of "a few days to a few months" with 10 months. The Commissioner's determination that Claimant does not fall within a borderline situation is reasonable based on the regulatory language and the great majority of the case law. Therefore, the Court adopts the R & R of the Magistrate Judge on the borderline age issue affirming the Commissioner's decision denying Plaintiff's disability claim before her 50th birthday.

---

[2] Plaintiff's insured status under DIB expired on March 31, 2014 and her 50th birthday was January 29, 2015.

B.     Failure to Address Plaintiff's Alleged Breakdown at First Administrative Hearing

Plaintiff makes reference to the 2014 administrative decision, in which the ALJ stated that the claimant was "so hysterical in her presentation at the hearing that it colored her entire testimony" and argues that the second administrative decision in 2019 erred in not assessing this testimony as additional evidence of mental health impairment. (Dkt. No. 18 at 6-7). The record contains significant mental health evidence, which the ALJ in the 2019 decision carefully weighed and found supported findings that two mental health conditions, post traumatic stress disorder and depression, were "severe" impairments. (Dkt. No. 6-10 at 12). The ALJ further limited Plaintiff's RFC to accommodate for these mental health impairments. (*Id.* at 14).

Plaintiff's alleged "breakdown" at the 2014 administrative hearing, which was referenced in the 2014 administrative decision that was subsequently reversed by this Court on other issues, was subject to differing interpretations. Plaintiff's mother viewed this as a mental health crisis while the ALJ apparently viewed the testimony skeptically. Notably, Plaintiff's 2014 conduct went unmentioned in the 2019 decision and, unlike the various mental health records, was not evaluated or assessed by mental health professionals. It was completely reasonable under these circumstances for the ALJ not to presume to conduct her own untrained mental health evaluation based on this earlier testimony. Moreover, a review of the Commissioner's decision reflects a serious examination of Plaintiff's mental health impairments. The Court, therefore, overrules Plaintiff's objection and adopts the R & R on this issue.

C.     Consideration of Lay Testimony

Plaintiff objects to the ALJ allegedly failing to "fully consider" the opinions of two lay witnesses, Plaintiff's mother and husband. (Dkt. No. 18 at 7-8). The ALJ's decision addressed

the testimony of Plaintiff's mother and husband and concluded that the testimony was inconsistent with medical evidence of record. (Dkt. No. 6-10 at 20).  The weighing and reconciling of conflicting record evidence is "quintessentially the role of the fact finder" and should not be disturbed by a reviewing court if there is substantial evidence to support the findings and conclusions of the ALJ.  *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011).   In this matter, there is substantial evidence to support the ALJ's findings and conclusions.  Consequently, the Court overrules Plaintiff's objection and adopts the R & R on this issue.

## Conclusion

The Court has reviewed the R & R, the administrative record, and the applicable case law.  The Court is satisfied that the Magistrate Judge ably and thoroughly analyzed the factual and legal issues in this matter and appropriately recommended that the decision of the Commissioner should be affirmed.  Therefore, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 16) as the order of this Court and **AFFIRMS** the decision of the Commissioner.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 2, 2020
Charleston, South Carolina